**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NEW YORK PIPELINE MECHANICAL          :
CONTRACTORS, LLC,                     :
                                      :
                        Plaintiff,    :     **Civil Action No. 10-148 (SRC)**
                                      :
           v.                         :     **OPINION**
                                      :
SABEMA PLUMBING & HEATING CO.,        :
INC.,                                 :
                                      :
                        Defendant.    :

**CHESLER**, District Judge

This matter comes before the Court upon the motion to quash service and vacate default judgment pursuant to Federal Rule of Civil Procedure 60(b) filed by Defendant Sabema Plumbing & Heating Co., Inc. ("Defendant") [docket item # 13]. Plaintiff New York Pipeline Mechanical Contractors, LLC ("Plaintiff") has opposed the motion. The Court has considered the papers filed by the parties and rules on the written submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will grant Defendant's motion in its entirety and will grant Plaintiff 60 days to properly serve Defendant pursuant to Federal Rule of Civil Procedure 4.

**I.     BACKGROUND**

This action arises out of a dispute over two checks totaling $188,000 that Plaintiff delivered to Defendant on February 13, 2007. According to the Complaint, Defendant came to Plaintiff in order to secure an interest-free loan of $188,000, which Plaintiff authorized with the understanding that Defendant would repay the loan in its entirety by February 13, 2008 ("maturity date"). Nearly two years after the maturity date elapsed and without any repayment of the loan made, Plaintiff filed the instant action on January 25, 2010, asserting claims of money lent, conversion, and money had and received.

Plaintiff states that on February 19, 2010, it served Defendant with the Summons and Complaint by leaving copies with Mr. Joseph Castoro, who Plaintiff listed as Defendant's "general agent" in its affidavit of service. Defendant did not file an Answer to the Complaint. Subsequently, on May 19, 2010, the Court granted Plaintiff's motion for default judgment and entered a Final Judgment against Defendant in the amount of $188,350. On February 14, 2011, Defendants filed the instant motion to quash service and vacate default judgment.

**II.    DISCUSSION**

Defendant argues that Plaintiff's failure to serve it with the Summons and Complaint in this matter in compliance with the service requirements of Federal Rule of Civil Procedure 4(h)(1) renders the default judgment entered against it void for lack of personal jurisdiction. On this basis, they ask that the Court quash service and vacate the default judgment, pursuant to Federal Rule of Civil Procedure 60(b)(4).

Rule 4(h)(1) governs service of process upon corporations and associations. In relevant

2

part, it provides that service shall be effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the statute so requires, by also mailing a copy to the defendant." Alternatively, by incorporation of Rule 4(e)(1), the rule also provides that service may be effected by following the process prescribed by "the law of the state in which the district court is located, or in which service is effected," which in this case is New Jersey. New Jersey State Court Rule 4:4-4(a)(6) provides, in pertinent part, that a corporation can be served by delivering a summons and complaint to "any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof . . ."

Proper service of process is an indispensable prerequisite to personal jurisdiction over a party. *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991). It is by virtue of proper and effective service that the court obtains jurisdiction. *Id.* Even technical flaws in service are fatal to the attachment of personal jurisdiction over a party. *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993). The Third Circuit Court of Appeals has summarized the law on this point as follows:

> Although notice underpins Federal Rule of Civil Procedure 4 concerning service, notice cannot by itself validate an otherwise defective service. Proper service is still a prerequisite to personal jurisdiction. Inquiry into the propriety of service is separate from, and in addition to, the due process concerns present in an inquiry into the notice itself. **A district court's power to assert in personam authority over parties defendant is dependent not only on compliance with due process but also on compliance with the technicalities of Rule 4.** Notice to a defendant that he

> has been sued does not cure defective service . . .

*Id.* (emphasis added) (internal citations omitted).

The Court will not engage in an exhaustive discussion of the sufficiency or insufficiency of the service of process attempted upon Defendant. It suffices to state that Plaintiff concedes that service upon Defendant was technically deficient.[1] Instead, Plaintiff argues that the only constitutional requirement of service of process is "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). As such, Plaintiff contends that due process concerns have been satisfied here by the many facts of this case demonstrating that Defendant had actual notice of the lawsuit against it.

However, Plaintiff has failed to cite to any authority which stands for the proposition that so long as the summons and complaint end up in the right hands, service upon *any* corporate employee is sufficient. In its opposition, Plaintiff does cite to cases where courts have interpreted the rules of service with some degree of flexibility, construing Fed.R.Civ.P. 4 more liberally than only permitting service on a confined class of formally titled officials. The extent of that expansion, however, is more limited than Plaintiff avers since the cases restrict permissible service solely to corporate representatives who are "so integrated with the organization that [they] will know what to do with the papers" or representatives that "stand[] in

---

[1] In its opposition brief, Plaintiff does not dispute that Mr. Castoro is a mere plumber who works for Defendant and not an officer, director or trustee of Defendant, or an individual that is in charge of Defendant's office or allowed to accept service on Defendant's behalf, as required by Fed.R.Civ.P. 4 and R. 4:4-4(a)(6).

4

such a position as to render it fair, reasonable and just to imply the authority on [their] part to receive service." *O'Connor v. Altus*, 335 A.2d 545, 556 (N.J. 1975) (holding that the receptionist was sufficiently integrated with the small organization to know what to do with the papers); *Davis v. DND/Fidoreo, Inc.*, 721 A.2d 312, 315 (N.J. Super. Ct. App. Div. 1998) (service on an assistant bank manager who regularly receives subpoenas duces tecum for the bank and who represents that she is authorized to receive service was sufficient); *Wilen I.Y.M. L.C.*, No. 98-2633, 1998 U.S. Dist. LEXIS 20927 at *5 (D.N.J. Sept. 24, 1998). Mr. Castoro, a plumber working for Defendant, is clearly not this type of corporate representative.

Furthermore, Plaintiff has not pointed to any action taken by Defendant that might be interpreted to have waived the defect in service upon it. Indeed, except for this motion, Defendant has not made any appearance in this action, and has promptly - upon filing this motion - raised its objection to this court's *in personam* jurisdiction over it. Without proper service of process having been made on Defendant, this Court lacked the power to enter the default judgment against it. "A default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside." *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985).

Thus, this Court concludes that the default judgment entered as to Defendant must be vacated pursuant to Rule 60(b)(4) as void and service quashed. In addition, in light of Defendant's unarguably dilatory conduct, Plaintiff will be granted 60 days to properly serve Defendant pursuant to Fed.R.Civ.P. 4.

**III.    CONCLUSION**

For the foregoing reasons, this Court grants Defendant's motion to quash service and vacate default judgment.  In addition, the Court grants Plaintiff 60 days to properly serve Defendant.  An appropriate form of order will be filed together with this Opinion.

s/ Stanley R. Chesler<br>
STANLEY R. CHESLER<br>
United States District Judge

DATED: May 24, 2011