<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW YORK PIPELINE MECHANICAL CONTRACTORS, LLC, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> SABEMA PLUMBING & HEATING CO., INC., : <br> : <br> Defendant. : | Civil Action No. 10-148 (SRC) <br><br> OPINION |

**<u>CHESLER</u>**, District Judge

This matter comes before the Court upon the motion to Amend the Complaint, by Plaintiff New York Pipeline Mechanical Contractors, LLC ("Plaintiff") [docket entry 22], and the cross-motion to dismiss the pending Complaint, filed by Defendant Sabema Plumbing & Heating Co., Inc. ("Defendant" or "Sabema") [docket entry 24]. The Court has considered the papers filed by the parties and rules on the written submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will grant in part and deny in part Plaintiff's motion to Amend the Complaint, and will deny as moot Defendant's cross-motion to dismiss the pending Amended Complaint.

**I.   BACKGROUND**

This action arises out of a dispute over two checks totaling $188,000 that Plaintiff issued to Defendant on February 13, 2007. According to the Amended Complaint, John Hubner ("Hubner"), an employee of Plaintiff, approached its President, Edward Fitzpatrick ("Fitzpatrick"), to secure an interest-free loan of $188,000 on behalf of Defendant Sabema, in

order to finance an investment opportunity in certain real estate.  Plaintiff authorized the loan with the understanding that Defendant would repay same in its entirety by February 13, 2008 (the "maturity date").  Nearly two years after the maturity date elapsed and without any repayment of the loan having been made, Plaintiff filed the instant action on January 25, 2010, asserting claims of money lent, conversion, and money had and received.

Plaintiff now seeks to file a Second Amended Complaint, adding both factual and legal claims, and naming additional Defendants.  Specifically, Plaintiff now alleges that, when Hubner approached Plaintiff for the loan, he mentioned both Sabema and its President, Mario Viganola ("Viganola").  Moreover, the investment property was deeded to Viganola and his wife, Anna Viganola, and subsequently sold for $1,270,000.  Plaintiff seeks to withdraw its money lent and conversion claims, and to add claims of unjust enrichment, civil conspiracy, negligent misrepresentation, and intentional misrepresentation.  Moreover, Plaintiff seeks to name Viganola, one John Lembo (Viganola's former son-in-law), Hubner, and yet-unnamed individuals and corporations as Defendants.  He also seeks to name Anna Viganola as nominal Defendant.  Defendant Sabema opposes Plaintiff's motion to amend on the basis of futility, and cross-moves for dismissal of the pending Amended Complaint for failure to state a claim upon which relief can be granted.[1]

## II.   DISCUSSION

### A.   Motion to Amend:

---

[1] As an initial matter, Defendant argues that Plaintiff's proposed amendments are an effort to overcome the defenses described in the Viganola Affidavit [docket entry no. 13], and that, therefore, the Court should rely on same as an item referenced by the proposed Second Amended Complaint.  Given that the Viganola Affidavit was submitted in support of Defendant's Motion to Quash Service, and not in connection with a prior motion to dismiss, and because the proposed Second Amended Complaint does not cite the Affidavit, the Court shall not consider same in rendering its decision.

1. Legal Standard

Federal Rule of Civil Procedure 15(a) requires that leave to amend the pleadings be granted freely "when justice so requires." Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004). Therefore, motions to amend should be liberally granted, absent substantial prejudice, unless "denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiencies by amendments previously allowed or futility of amendment." Lundy v. Adamar of New Jersey, Inc., 34 F.3d 1173, 1196 (3d Cir. 1994) (internal citation omitted). An amendment is futile if it is "'frivolous or advances a claim or defense that is legally insufficient on its face.'" Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J. 1990) (quoting 6 Wright, Miller & Kane, Federal Practice and Procedure, § 1487 at 637-42 (2d ed. 1990)). In other words, "[t]he trial court may properly deny leave to amend where the amendment would not withstand a motion to dismiss." Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir.), cert. denied, 464 U.S. 937, 104 S. Ct. 348, 78 L. Ed. 2d 314 (1983).

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim for failure to state a claim upon which relief may be granted. Federal Rule of Civil Procedure 8(a) requires that to state a claim for relief, a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). When evaluating the sufficiency of claims subject to the pleading requirements of Rule 8(a), the Court must apply the plausibility standard articulated by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). In Twombly and Iqbal, the Supreme Court stressed that a complaint will survive a motion under Rule 12(b)(6) only if it

states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556.) The cases are also clear about what will not suffice: "threadbare recitals of the elements of a cause of action," an "unadorned, the-defendant-unlawfully-harmed-me accusation" and conclusory statements "devoid of factual enhancement." Id. at 1949-50; Twombly, 550 U.S. at 555-57. While the complaint need not demonstrate that a defendant is *probably* liable for the wrongdoing, allegations that give rise to the mere *possibility* of unlawful conduct will not do. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 557. In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the allegations of the complaint, documents attached or specifically referenced in the complaint if the claims are based upon those documents and matters of public record. Winer Family Trust v. Queen, 503 F.3d 319, 327 (3d Cir. 2007); Sentinel Trust Co. v. Universal Bonding Ins. Co., 316 F.3d 213, 216 (3d Cir. 2003).

    2. Analysis

        a. Unjust Enrichment Claim[2]

Plaintiff's unjust enrichment, or money had and received claim is quasi-contractual or restitutionary in nature. Under a quasi-contract theory, obligations may be "imposed by the law for the purpose of bringing about justice without reference to the intention of the parties." Wanaque Borough Sewerage Auth. v. West Milford, 144 N.J. 564, 574, 677 A.2d 757 (1996) (internal citations omitted). Unjust enrichment has only two elements under New Jersey

---

[2] Because "unjust enrichment" and "money had and received" are in essence the same claim, the Court will consider both Counts I and II under the heading "Unjust Enrichment."

common law: "(1) that the defendant has received a benefit from the plaintiff, and (2) that the retention of the benefit by the defendant is inequitable." Id. at 575 (internal citations omitted). One cause of action for unjust enrichment at common law was the action in assumpsit for "money had and received," which is "equitable in spirit, although legal in form, and is maintainable when the defendant has received money which in equity and good conscience belongs to the plaintiff." Hartford Accident & Indemnity Co. v. Benevento, 133 N.J.L. 315, 319 (1945); see also In re Interborough Consol. Corp., 288 F. 334, 347 (2d Cir. 1923) ("Every person who receives money to be paid to another, or to be applied to a particular purpose, to which he does not apply it, is a trustee, and may be sued either at law for money had and received, or in equity as a trustee, for a breach of trust."); see also BLACK'S LAW DICTIONARY 1420 (9th ed. 2009) (defining an "action for money had and received" as one through which the plaintiff could recover money paid to the defendant, "the money usually being recoverable because (1) the money had been paid by mistake or under compulsion, or (2) the consideration was insufficient."). "In such circumstances, the law raises an implied promise on the part of the defendant to refund the money." Benevento, 133 N.J.L. at 319.

   In this case, Plaintiff pleads sufficient facts to withstand a motion for dismissal of its unjust enrichment claim. Plaintiff pleads that a benefit was conferred on the Defendants Sabema, Viganola, and his wife, and that the retention of this benefit by them is unjust. Defendant Sabema correctly argues that the *mere* fact of Plaintiff having conveyed a benefit to the Defendants is not sufficient to warrant restitution. Messner v. Union County, 34 N.J. 233, 238, 167 A.2d 897 (1961). However, the pleadings paint the broad outlines of a business that accepted funds from Plaintiff in order to make an investment in real property through its principal, Mr. Viganola, and that Plaintiff was led to believe that the funds would be repaid. No

such repayment has occurred, nor has any other benefit or consideration been conveyed to Plaintiff.  One basis for an unjust enrichment claim is mistake or a fair expectation of repayment on the part of the Plaintiff.  See Callano v. Oakwood Park Homes Corp., 91 N.J. Super. 105, 108-109, 219 A.2d 332 (App. Div. 1966) (internal citations omitted).  Moreover, Plaintiff alleges facts[3] supporting the contention that Hubner solicited funds on behalf of Mr. Viganola and Sabema, and the Third Circuit has held that discovery "is necessary when an agency relationship is alleged, thereby implicitly allowing allegations of agency to survive a facial attack." Jurimex Kommerz Transit G.M.B.H. v. Case Corp., 65 Fed. Appx. 803, 808 (3d Cir. 2003).  Plaintiff thus raises sufficient allegations of unjust enrichment to withstand a motion to dismiss, and the Court will grant Plaintiff leave to file a Second Amended Complaint as to that claim.

      b. Fraud-Based Claims

Plaintiff's proposed Second Amended Complaint also raises claims of civil conspiracy to commit fraud, as to Sabema, Viganola, Lembo and Hubner.  A plaintiff can prove civil conspiracy only if it can prove the "underlying, independent wrong" of common law fraud, which has five elements: "(1) a misrepresentation of fact, (2) fraudulently uttered, (3) with intent to induce reliance, (4) and inducing justifiable reliance, (5) to the injury of the injured party. Farris v. County of Camden, 61 F. Supp. 2d 307, 331 (D.N.J. 1999); Averbach v. Rival Mfg. Co., 809 F.2d 1016, 1019 (3d Cir. 1987).  Federal Rule of Civil Procedure 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Id.  Rule 9(b)'s heightened pleadings standard "gives defendants notice of

---

[3]The Court notes, in particular, the allegation that the funds were conveyed to Defendant via two checks from Plaintiff, made out to "Sabema Plumbing," and that Hubner had a personal connection to Viganola through Viganola's then son-in-law, Lembo. (Sec. Am. Compl., ¶¶ 4,5, &17.)

the claims against them, provides an increased measure of protection for their reputations, and reduces the number of frivolous suits brought solely to extract settlements." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1417 (3d Cir. 1997). "Even when the defendant retains control over the flow of information, boilerplate and conclusory allegations will not suffice. In re Rockefeller Ctr. Props., Inc. Sec. Litig., 311 F.3d 198, 217 (3d Cir. 2002). Legal theories must be accompanied by factual allegations that make a "theoretically viable claim plausible." Id. Thus, although "[m]alice, intent, knowledge and other conditions of mind of a person may be alleged generally," a plaintiff is still required to provide factual allegations that support his legal theory. Id.

In this case, Plaintiffs' fraud claim does not meet the stringent pleading requirements of Rule 9(b). Indeed, the only allegations on the element of intent are that "Hubner was aware, or should have been aware, at the time of the misrepresentation that the Loan would not be repaid," and that Hubner intended Plaintiff to rely on this misrepresentation. (Sec. Am. Compl., ¶¶ 49, 50.) However, no factual allegations are presented which support, with any particularity, the theory that Hubner knew and intended that the loan would never be repaid at the time that he solicited funds from Plaintiff. The conclusory assertion that Viganola, Hubner and Lembo had "entered into a common design to perpetuate a fraud upon Plaintiff" does not ameliorate this deficiency. (Sec. Am. Compl., ¶40.) Therefore, the Court will deny as futile Plaintiff's motion to file a Second Amended Complaint as to its civil conspiracy claim.

Plaintiff also raises a claim of "intentional misrepresentation" against Defendant Hubner, but this is only another label for the fraud allegations underlying Plaintiff's civil conspiracy claim, which are not set forth with sufficient particularity to survive a motion to dismiss. Thus, Plaintiff will not be permitted to file a Second Amended Complaint as to its intentional

misrepresentation claim.

        c. Negligent Misrepresentation

Plaintiff raises the tort claim of negligent misrepresentation against Defendant Hubner. In New Jersey, any tort of negligence "requires the plaintiff to prove that the putative tortfeasor breached a duty of care owed to plaintiff and that plaintiff suffered damages proximately caused by that breach." Highlands Ins. Co. v. Hobbs Group, 373 F.3d 347, 351 (3d Cir. 2004). The elements of negligent misrepresentation are essentially the same as those of common law fraud except negligent misrepresentation does not require scienter. Cohen v. Tesley, 2009 U.S. Dist. LEXIS 101696, at *41 (D.N.J. Nov. 2, 2009). To prove a claim of negligent misrepresentation under New Jersey law, the plaintiff must demonstrate that "1) the defendant negligently provided false information; 2) the plaintiff was a reasonably foreseeable recipient of that information; 3) the plaintiff justifiably relied on the information; and 4) the false statements were a proximate cause of the plaintiff's damages." McCall v. Metropolitan Life. Ins., 956 F. Supp. 1172, 1186 (D.N.J. 1996).

Thus, the first issue to be addressed is whether Hubner owed a duty to Plaintiff. "The question of whether a duty exists is a matter of law properly decided by the court, not the jury." Carter v. Lincoln-Mercury, Inc. v. EMAR Group, Inc., 638 A.2d 1288, 1294 (1994). To create legal liability upon a defendant for negligence, the injury which is the basis of the action must be predicated on the violation, neglect, or omission of some legal duty which the defendant owed to the injured party. Pyle v. Fidelity Philadelphia Trust Co., 10 A.2d 482, 484 (1940). In determining whether a duty of care exists, a court's "analysis involves identifying, weighing, and balancing several factors -- the relationship of the parties, the nature of the attendant risk, the

opportunity and ability to exercise care, and the public interest in the proposed solution." Id.

In this case, Plaintiff asserts that Hubner, its former employee, negligently misrepresented to Plaintiff that the loan would be repaid within one year. However, Plaintiff fails to identify why Hubner's relationship as a former employee, or his status as an alleged agent of Sabema, would give rise to a duty of care on his part, or what that duty would entail. Conspicuously, Plaintiff does not allege that Hubner had any professional competence or expertise as a broker or financial advisor, such that Plaintiff would be a foreseeable victim of any incompetence on his part in arranging for the alleged loan. See, e.g., Karu v. Feldman, 119 N.J. 135, 146-47 (1990). Thus, the Court cannot discern that Hubner has any duty at law toward the Plaintiff, and will accordingly deny as futile Plaintiff's motion for leave to file a Second Amended Complaint as to its negligent misrepresentation claim.

**B.**     **Motion to Dismiss**

Defendant cross-moves to dismiss the pending counts in Plaintiff's Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). Because the Court grants Plaintiff leave to file a Second Amended Complaint (as to the unjust enrichment claim only), Defendant's motion to dismiss the Amended Complaint is moot, and will accordingly be denied.

### III. CONCLUSION

For the foregoing reasons, the Court grants in part Plaintiff's motion to Amend the Complaint, and denies as moot Defendant's motion to dismiss the pending Amended Complaint.

An appropriate form of Order will be filed together with this Opinion.

_s/ Stanley R. Chesler_
STANLEY R. CHESLER
United States District Judge

DATED: January 23, 2012